UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROADBUILDERS MACHINERY AND SUPPLY CO., INC.,

    Plaintiff,

v.

SANDVIK MINING AND CONSTRUCTION USA, LLC,

    Defendant.

Case No. 2:22-cv-2331-HLT-TJJ

## ORDER MEMORIALIZING RULINGS FROM APRIL 6, 2023 DISCOVERY CONFERENCE

On April 6, 2023, the Court conducted a telephone discovery conference at the joint request of the parties to address discovery disputes raised by the parties. Plaintiff Roadbuilders Machinery and Supply Co., Inc., appeared through counsel, Michael P. Healy. Defendant Sandvik Mining and Construction USA, LLC appeared through counsel, Jeff Mapen, Amy Cheng, and Danne Webb. Prior to the conference, the parties submitted a joint email summary of their nine discovery-related disputes, as well as a follow-up email attaching copies of the specific discovery requests at issue. This order memorializes the oral rulings from the conference.

    1.    **Defendant's Second RFPs 36 and 37 (controlling interests)**

After hearing argument from the parties regarding the relevancy of Defendant's Second RFPs 36 and 37, the Court provided its guidance to counsel regarding the potential overbreadth of the requests and problematic conditional responses that leave it unclear whether the

responding party is withholding responsive documents based upon its objection.[1] The parties are ordered to confer in good faith regarding the scope of Defendant's Second RFPs 36 and 37 and Plaintiff's responses to see if they can work out an agreed production based upon the guidance provided by the Court.

2. **Defendant's Second RFP 38 (organization chart)**

The Court provided its guidance to the parties that if presented with a motion to compel on Defendant's Second RFP 38 seeking Plaintiff's organizational chart, Plaintiff's objection based on vagueness would likely be overruled and Plaintiff ordered to produce the requested organizational chart or serve a supplemental response stating none exists.

3. **Screenshot of Alleged Replacement Dealer (Defendant's RFP 20).**

Plaintiff stated at the conference it had no objection to producing the requested screenshot responsive to Defendant's RFP 20 and was attempting to locate it. By **April 20, 2023**, Plaintiff must either (a) produce the screenshot requested by Defendant's Second RFP 20 and serve a supplemental response to Defendant's Second RFP 20 stating such, or (b) serve a supplemental response stating Plaintiff has not been able to locate the screenshot after diligent search, but will supplement its response and produce the screenshot immediately if it is subsequently located.

---

[1] *See* Fed. R. Civ. P. 34(b)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). *See also Armstrong v. Ennis Bus. Forms of Kansas, Inc.*, No. 21-CV-2258-KHV-TJJ, 2022 WL 1102638, at *3 (D. Kan. Apr. 13, 2022) (citing *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2014 WL 545544, at *2–*3 (D. Kan. Feb. 11, 2014) (conditional objections leave the reader confused whether all requested documents have been identified and produced).

4.      **Plaintiff's Production of 5,014 Documents (emails between the parties)**

Plaintiff must serve an amended certificate of service explaining why it produced the 5,014 emails between the parties and indicating whether the production was a Rule 26(e) supplemental production of its Rule 26(a)(1) initial disclosures, or whether some of the documents are being produced in response to Defendant's discovery requests.  If Plaintiff is producing documents responsive to Defendant's RFPs, Plaintiff must comply with Fed. R. Civ. P. 34(b)(5)(E)(ii) and "organize and label them to correspond to the categories in the request[s]."

5.      **Defendant's Request for an Extension of Case Deadlines**

Based upon the outstanding discovery to be completed and in light of the parties' discovery disputes that still need to be briefed and decided, the Court finds good cause exists for an extension of the unexpired Scheduling Order deadlines of approximately 60 days. All unexpired case deadlines, including the May 9, 2023 Final Pretrial Conference, are hereby held in abeyance pending further order of the Court. However, the parties' respective deadlines for filing any motions to compel discovery remain unchanged and are 30 days from service of the responding party's discovery responses and objections, as provided in D. Kan. Rule 37.1(c).

By **April 14, 2023**, the parties must confer and submit via email to chambers a proposed amended scheduling order chart with their proposed new deadlines for completion of discovery, submission of the pretrial order, filing dispositive and expert motions, and Final Pretrial Conference setting.

6.      **Plaintiff's Request to Depose Defendant's In-House Counsel**

After hearing from the parties regarding Defendant's objections to Plaintiff's notice to depose its in-house counsel, Taylor Siegel, the Court concluded briefing is necessary to decide this dispute.  Defendant must file its motion for protective order or to quash the deposition notice

3

by **April 17, 2023**. Plaintiff's response must be filed by **April 27, 2023**. A reply by Defendant is discouraged but, if filed, is due by **May 4, 2023**.

    7.    **Plaintiff's Second RFPs 1-4, 8, 9, 19, 20 (Defendant's knowledge of dealer protection laws); RFPs 5, 7, 9, 10, 12, 17 (differences in Defendant's treatment of Plaintiff versus other dealers); RFPs 6 and 13 (content and revisions to dealer agreement); and RFP 2 (Defendant's net worth information)**

The Court heard argument from the parties regarding their disagreement concerning the scope of Plaintiff's Second RFPs identified above and Defendant's proposed limitation to its surface drills group. The Court further noted Defendant's responses are conditional objections that leave unclear whether it is withholding any documents on the basis of its objections. The parties are ordered to confer in good faith regarding the scope of these RFPs to see if they can reach some compromise taking into account, among other things, the Court's guidance that the scope is likely somewhat broader than just the surface drills group but narrower than all Defendant's product lines.

    8.    **Plaintiff's Request to Shorten Defendant's Response Time**

Plaintiff's request to shorten Defendant's response time to respond to Plaintiff's First Request for Admissions, Second Interrogatories, and Third Documents Requests, served on March 25, 2023, from 30 days—as provided in the applicable Federal Rule of Civil Procedure—to 23 days is denied.

    9.    **Plaintiff's Request to Clarify Deposition Limit**

In response to the Court's inquiry, the parties responded that Plaintiff's deposition of Avery Martin, who appeared individually and as a corporate representative, lasted approximately 6 hours, which is the maximum time limit for each deposition as provided in the Scheduling Order (ECF No. 27). Mr. Martin's deposition thus constitutes one deposition for purposes of the

Scheduling Order's maximum limit of eight depositions per party.

IT IS SO ORDERED.

Dated April 7, 2023, at Kansas City, Kansas.

                                                                Teresa J. James
                                                                U. S. Magistrate Judge