UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROADBUILDERS MACHINERY AND SUPPLY CO., INC. , <br><br> Plaintiff, <br><br> v. <br><br> SANDVIK MINING AND CONSTRUCTION USA, LLC, <br><br> Defendant. | Case No. 2:22-cv-2331-HLT-TJJ |

## ORDER MEMORIALIZING RULINGS FROM
## SEPTEMBER 1, 2023 DISCOVERY CONFERENCE

On September 1, 2023, the Court conducted a telephone discovery conference[1] at the request of Plaintiff to address discovery disputes raised by the parties. Plaintiff Roadbuilders Machinery and Supply Co., Inc., appeared through counsel, Michael P. Healy. Defendant Sandvik Mining and Construction USA, LLC appeared through counsel, Jeff Mapen and Danne Webb. Prior to the conference, each party provided written submissions with their respective positions on the discovery-related disputes raised. This order memorializes and supplements the oral rulings from the conference.

**1. Plaintiff's Request to Search and Copy Defendant's Computer and Email System**

Plaintiff raised an issue regarding the sufficiency of Defendant's document production responsive to Plaintiff's Second RFP 9, as compelled by the Court's June 23, 2023 Memorandum

---

[1] This discovery conference satisfies the pre-motion discovery conference requirement under D. Kan. Rule 37.1(a) for all discovery disputes addressed herein.

and Order (ECF No. 67) ("M&O"). The Court questioned counsel at length regarding Defendant's document and email retention and destruction policies, as well as its preservation of and search for responsive documents, focusing extensively on the two exemplar emails Plaintiff obtained from subpoenaing third party dealers and provided with its discovery conference submissions. After hearing from counsel, the Court ordered the parties to further confer in good faith regarding Defendant's production of documents responsive to the Court's M&O, including specifically whether Defendant had possession, custody, or control of documents and emails responsive to Plaintiff's Second RFP 9, which the Court ordered Defendant to produce and which Defendant did not produce because they were allegedly destroyed or are no longer in existence.  If the parties cannot agree on measures to resolve this dispute, Plaintiff may file a motion under Fed. R. Civ. P. 37 and request the specific sanction or relief sought.  As indicated at the discovery conference, the Court will not order a forensic search and copying of Defendant's computer and email systems, as requested by Plaintiff, under the circumstances presented at the discovery conference, finding there are less burdensome remedies to obtain the information potentially lost.

After conferring, Plaintiff must file any Rule 37 motion on or before **September 11, 2023**.  Any response by Defendant must include as exhibits copies of its written document/email retention and destruction policies and procedures. If Defendant has no written policies and/or procedures, then Defendant shall provide a detailed description of any unwritten document/email retention and destruction policies and procedures upon which it relies, including when such policies and procedures took effect and how they relate to the current and terminated employees at issue.

2.     **Plaintiff's Request to Depose Defendant's Former In-House Counsel**

Plaintiff seeks to depose Defendant's former in-house counsel, Jackie Haley. Defendant stated at the discovery conference that although Ms. Haley is no longer its employee, it intends to represent Ms. Haley at any deposition sought by Plaintiff. The Court ordered that if Defendant does not agree to produce Ms. Haley for deposition, then Plaintiff may serve a subpoena for her deposition shortly after the August 28, 2023 discovery deadline. Defendant agreed to provide Plaintiff with the last known address for Ms. Haley if it does not agree to produce her for deposition. The Court advised the parties it would likely allow the deposition of Ms. Haley over Defendant's objection as the current situation presented is markedly different from that described in the Court's June 2, 2023 Memorandum and Order (ECF No. 64) granting Defendant's request to quash the deposition of its current in-house legal counsel, given the additional information recently obtained by Plaintiff through discovery. If Defendant objects to the deposition, it may file a motion for a protective order precluding or limiting the deposition of Ms. Haley without requesting another D. Kan. Rule 37.1(a) discovery conference.

3.     **Plaintiff's Request to Serve 27 Additional Subpoenas on Dealers**

Defendant asserted objections to Plaintiff's August 28, 2023 Notice (ECF No. 87) of its intent to serve 27 subpoenas on other nonparty dealers. Defendant objected to the proposed subpoenas as untimely because the subpoenas cannot be served in time to be completed by the current August 28, 2023 discovery deadline, the notice fails to provide a copy of each proposed subpoena, and the single proposed subpoena provided is overly broad by seeking documents for a 10-year time period and for "any law or regulation covering the relationship of equipment dealers and suppliers/manufacturers."  The Court sustained Defendant's objections in part and limits the proposed subpoenas identified in Plaintiff's Notice as follows: Plaintiff will be

permitted to serve an additional <u>6 subpoenas</u> (not the 27 subpoenas proposed) to dealers identified on Plaintiff's list of ten similarly situated dealers selected for its Second RFP 9.[2]  The scope of the subpoenas will also be limited to a 5-year time period and will further be limited to: "All documents exchanged between you and Sandvik in the last five (5) years that mention, refer or relate to 'Dealer Protection' laws or 'Equipment Dealer' laws."[3] The Court struck the subpoenas' request for documents relating to "any law or regulation covering the relationship of equipment dealers and suppliers/manufacturers."

### 4. Plaintiff's Oral Motion to Extend Discovery Deadline

The Court granted Plaintiff's oral motion to extend the August 28, 2023 discovery deadline but *solely* for the purpose of completing the deposition of Ms. Haley and serving the 6 additional nonparty subpoenas referenced above. This extension of the discovery deadline is subject to Plaintiff serving a deposition notice, if Defendant agrees to produce her for deposition, or deposition subpoena upon Ms. Haley by **September 8, 2023**.

The Court holds in abeyance the Scheduling Order deadline for submitting a proposed pretrial order and the upcoming September 12, 2023 pretrial conference, but will not extend the **September 26, 2023** dispositive motion deadline at this time. The Court will contact counsel during the week of September 18, 2023 to reschedule the pretrial conference and pretrial order submission deadline. If any party seeks an extension of any deadline other than the deadline for

---

[2] These are the ten "similarly situated" non-Surface Drills dealers selected by Plaintiff and which the Court required Defendant to search for and produce non-privileged responsive documents in its ruling on Plaintiff's Second RFP 9 of its M&O (ECF No. 67 at 14-16).

[3] Ex. A to proposed subpoena (ECF No. 87-1) at 4.

submitting the pretrial order and pretrial conference setting, that party must file its motion in advance of the current deadline.

### 5. Motion for Leave to Take Depositions Above Limit

Plaintiff indicated its intent to reschedule the deposition of Jacques Britz, who did not appear at his previously noticed deposition due to illness. Defendant objected that rescheduling of this deposition may result in Plaintiff exceeding the Scheduling Order (ECF No. 27) limitation of eight depositions per party if Plaintiff is permitted to depose Ms. Haley. If Plaintiff reaches its eight-deposition limit and Defendant continues to object, Plaintiff must file a motion for leave to take a ninth deposition and show good cause for exceeding the Scheduling Order deposition limit.

IT IS SO ORDERED.

Dated September 5, 2023, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge