UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROADBUILDERS MACHINERY AND SUPPLY CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDVIK MINING AND CONSTRUCTION USA, LLC, <br><br> Defendant. | Case No. 2:22-cv-2331-HLT-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider and for Fees and Costs (ECF No. 139) and Supplemental Exhibit (ECF No. 140). Plaintiff requests the Court reconsider its January 5, 2024 Memorandum and Order (ECF No. 138) denying Plaintiff's request for the specific discovery sanction of deeming a fact admitted under Fed. R. Civ. P. 37(b)(2)(A)(i). Plaintiff alternatively requests the Court award it $40,825 (46 hours @ $887.50 per hour) in attorney's fees and $265 in subpoena service costs as reasonable expenses allowed in the same Memorandum and Order. As explained below, Plaintiff's request for reconsideration is denied, and Plaintiff's request for fees and costs is granted in part and denied in part. In accordance with the Court's Memorandum and Order, Plaintiff is awarded its reasonable expenses, in the total amount of $29,015, which is comprised of $28,750 (46 hours @ $625 per hour) for attorney's fees plus $265 for subpoena service costs.

**I.      Request for Reconsideration**

Plaintiff requests the Court reconsider, pursuant to D. Kan. Rule 7.3, its decision denying Plaintiff's request to deem certain facts admitted so that manifest injustice is avoided. Plaintiff

argues Defendant's discovery violation was more than the belated production of the Winslow and Siegrist emails. Additionally, Plaintiff claims Defendant was not truthful about whether it had produced all responsive documents, and this concealment destroyed Plaintiff's ability to obtain evidence that could have been obtained and used at trial. Plaintiff also requests a "more meaningful sanction" so the purposes of Rule 37 are better fulfilled, and suggests the Court could deem a different set of facts admitted than Plaintiff proposed and the Court denied in its Memorandum and Order. Defendant opposes Plaintiff's motion for reconsideration, arguing the facts and law have not changed since the Court's ruling and therefore reconsideration is not appropriate.

District of Kansas Rule 7.3 requires a motion to reconsider be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[1] District of Kansas Rule 7.4 further provides the Local Rule setting forth the bases for a motion to reconsider applies to "all motions in civil cases, including motions and objections relating to discovery." A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[2] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[3] Whether to grant or deny reconsideration lies within the court's sound

---

[1] The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[2] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[3] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

discretion.[4] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[5]

The Court finds Plaintiff has not demonstrated that reconsideration of the Court's ruling denying Plaintiff's requested sanction of deeming a fact admitted under Fed. R. Civ. P. 37(b)(2)(A)(i) is necessary to correct clear error or prevent manifest injustice. Plaintiff's argument that Defendant was not truthful about whether it had produced all responsive documents, and that its actions destroyed Plaintiff's ability to obtain evidence, is a rehashing of arguments it made in its original motion. The Court finds Plaintiff is essentially asking it to revisit arguments and issues already addressed at length in the Court's Memorandum and Order, which is not a proper basis for reconsideration.

Plaintiff also requests the Court reconsider imposing a more "meaningful" sanction, by modifying the fact Defendant is deemed to have admitted as follows:  Defendant knew "several states" or the states mentioned in the emails (South Dakota and Wisconsin) had dealer protection laws prohibiting the termination of dealers without good cause.  In the Memorandum and Order, the Court found the specific sanction Plaintiff requested in its motion for sanctions—deeming as admitted that Defendant knew *Kansas* had dealer protection laws prohibiting the termination of dealers without good cause—would not be a just sanction, noting the two exemplar emails Defendant failed to produce addressed dealer protection laws in states *other than* Kansas. Plaintiff's arguments and suggested alternative sanction could have been presented originally when Plaintiff filed its motion for sanctions and reply, but Plaintiff failed to do so. Because

---

[4] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[5] *Id.*

Plaintiff could have presented its arguments and alternative sanction in its initial motion, they are not appropriate grounds for granting reconsideration of the Court's Memorandum and Order. Plaintiff makes no argument the Court has obviously misapprehended a party's position, the facts, or applicable law, which would provide a basis for reconsideration. The Court finds its prior sanctions ruling was not clear error, and Plaintiff has not shown that reconsideration is necessary to prevent manifest injustice. Accordingly, the Court denies Plaintiff's request for reconsideration.

## II.      Plaintiff's Request for its Rule 37(a)(5) Attorney's Fees and Costs

Plaintiff alternatively requests the Court award its attorney's fees and subpoena service costs as reasonable expenses. The Court's Memorandum and Order permitted Plaintiff to file a motion for its Rule 37(a)(5) expenses with an affidavit itemizing its reasonable expenses. The motion and request was limited to "Plaintiff's fees and expenses, including attorney's fees, incurred in briefing this Motion for Rule 37 Sanctions, subpoenaing Diesel Machinery, Inc. and American State Equipment, and preparing for and attending the September 1, 2023 discovery conference."[6]

The Court must independently analyze the reasonableness of requested attorneys' fees.[7] Reasonable attorneys' fees under Rule 37(a)(5) are typically calculated using the lodestar methodology, which requires the court to multiply the hours counsel for the party seeking

---

[6] ECF No. 138 at 18.

[7] *See King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (reviewing an award of fees as a Rule 11 sanction); *see also Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-4007-DDC, 2023 WL 6216307, at *6 (D. Kan. Sept. 25, 2023) (granting motion for award of attorney's fees under Rule 37(a)(5)(B)).

attorneys' fees reasonably spent on the discovery motion by a reasonable hourly rate.[8] The lodestar method "produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances."[9] The applicant bears the burden of proving that it is entitled to an award and of documenting the appropriate hours expended and hourly rates.[10]

### A.      Hours Expended

In its present motion, Plaintiff itemizes 40 hours of its attorney time spent drafting and serving the two subpoenas (3 hours), preparing for and attending the September 1, 2023 discovery conference (5.25 hours), and drafting the sanctions motion, reply, and supplemental authority (31.75 hours).[11]  The time incurred for these activities was expressly permitted by the Court's Memorandum and Order. Defendant does not object to the reasonableness of these hours expended. The Court finds these 40 hours of attorney's fee are reasonable and shall be awarded to Plaintiff.

Plaintiff also requests the Court consider an additional 6 hours for preparing the fee-request portion of this motion, which was not mentioned in the Court's Memorandum and Order. Defendant opposes Plaintiff's request for the additional six hours for preparing this motion for fees and costs. It asks the Court to limit Plaintiff's recovery for reasonable expenses to those

---

[8] *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM, 2014 WL 6632944, at *1 (D. Kan. Nov. 21, 2014); *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *2 (D. Kan. June 21, 2018).

[9] *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

[10] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

[11] No paralegal or legal assistant time was included.

expressly allowed in the Memorandum and Order and disallow the six additional hours requested by Plaintiff.

At least two cases from the District of Kansas have found time spent preparing the fee motion and reply to be compensable on a fee award assessed under Rule 37(a)(5), the theory being that Rule 37(a) sanctions should encompass all expenses that would not have been incurred had the opposing party conducted itself properly.[12] The Tenth Circuit has also awarded, to the prevailing party in a civil rights case, a reasonable number of hours for work performed on the attorneys' fee application.[13] Based upon this precedent, the Court also finds Plaintiff's attorney's fees shall be awarded for the six hours of time Plaintiff's counsel spent preparing the portion of this motion pertaining to his fee request under Rule 37. Added to the 40 hours above, the Court finds the 46 hours claimed for attorney's fees are reasonable and shall be awarded to Plaintiff.

**B.    Reasonable Hourly Rate**

Plaintiff's attorney fee request is based upon an hourly rate of $887.40, which it states is calculated as the "mean" hourly rate for the highest paid Kansas City attorneys, published in Missouri Lawyers Weekly in its summary of billing rates in 2023. Plaintiff's counsel states in his affidavit that he has practiced law full time for over 36 years, and one of his areas of specialty is the wrongful termination of dealerships and distributors with only a few lawyers nationally that

---

[12] *See Orchestrate*, 2023 WL 6216307, at *9 n.3 (approving an award of fees under Rule 37(a)(5) that included time spent briefing the subsequent motion for fees); *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 4346965, at *7 (D. Kan. July 29, 2020), objections overruled, No. 18-1145-JWB, 2020 WL 6939748 (D. Kan. Nov. 25, 2020) (finding time entries spent preparing the Rule 37(a)(5)(A) motion seeking attorneys' fees and reply to be reasonable).

[13] *See Case*, 157 F.3d at 1254 ("An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application.").

have tried more cases. Plaintiff cites to three cases from this District to support the requested hourly rate.

Defendant argues Plaintiff's hourly rate is higher than normal for a case of this type, which turns largely on statutory interpretation and a relatively straightforward fact pattern. It defers to the Court's judgment on a reasonable hourly rate to apply to Plaintiff's fee request.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate of the relevant community."[14] The relevant community is "the area in which the litigation occurs" or "the area in which the court sits."[15] The party seeking fees "must provide evidence of the prevailing market rate for similar services by 'lawyers of reasonably comparable skill, experience, and reputation' in the relevant community."[16] The hourly rate should be based on the attorney's skill and experience in similar litigation.[17] When there is no evidence of market rates, the court may rely on its own experience and knowledge of the rates in the market.[18]

The Court has reviewed the Missouri Lawyer's Weekly 2023 billing rates survey report ("Survey") cited by Plaintiff in its motion. Based on a review of this Survey, the Court finds Plaintiff's requested hourly rate of $887.50 is too high for the Kansas City market in comparison to the majority of the reported partner-level rates.[19] The Court notes the Survey cited by Plaintiff

---

[14] *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotations omitted).

[15] *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) (overruled on other grounds).

[16] *Lippoldt*, 468 F.3d at 1224-25 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

[17] *Id.* at 1225.

[18] *Ad Astra*, 2020 WL 6939748, at *7.

[19] *See* Scott Lauck, Welcome to Billing Rates 2023, Missouri Lawyers Media (Nov. 8, 2023), https://molawyersmedia.com/2023/11/08/billing-rates-2022-2023-digital-edition/.

lists the *median* partner rate for Kansas City attorneys as $506 an hour, which the Court finds a better measure than the *mean* hourly rate cited by Plaintiff.[20] The Court also notes the Survey is based upon a limited pool of responding attorneys—primarily practicing at large law firms and covering a wide range of practice areas. When the reported rates were limited to lawyers practicing contract law, then the Survey reported partner-level attorney hourly rates range between $450 and $700. Additionally, Plaintiff admits most of counsel's practice involves pure contingency fee work or hybrid fee work (low hourly rates with contingency bonus).

Plaintiff's counsel has more than 36 years of experience, including specialized expertise in power equipment dealership and distributor law. The experience and efforts of Plaintiff's counsel were instrumental in uncovering and bringing to the Court's attention the deficiencies in Defendant's production of responsive documents, through his issuance of subpoenas to other dealers by which Plaintiff obtained the Winslow and Siegrist emails. The Court also notes that Defendant does not object strenuously to Plaintiff's requested hourly state, rather merely stating in its response the requested hourly rate is "higher than normal for a case of this type." However, even after taking into consideration counsel's experience and efforts, the Court still finds a reduction in the hourly rate requested by Plaintiff is justified.

The Court's review of recent fee award decisions in this District further supports a reduction of the hourly rate requested by Plaintiff. The Court located no recent comparable cases from this District approving an hourly rate in the Kansas City market near the $887.50 rate requested by Plaintiff. Rather, these cases have approved between $325 and $740 as reasonable Kansas City attorney hourly rates based upon the experience of the attorneys and the complexity

---

[20] Plaintiff argues the *mean* hourly rate reflected in the Survey is $887.50, but the Court finds this mean rate is skewed on the high end by some disproportionately high hourly rates in excess of $1,000 per hour.

of the issues in the case. In *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*,[21] one of the cases cited by Plaintiff to support his requested hourly rate, Magistrate Judge Schwartz approved hourly rates of $740, $565, and $460 for Kansas City metropolitan area attorneys when awarding the defendant its Rule 37 reasonable expenses incurred responding to a motion to compel. However, the highest approved rate of $740 in *Orchestrate*—a lawsuit with an "unusually complicated and protracted procedural history, reflected by a docket that has more than 560 entries"[22] and a 63-page pretrial order—is still almost $150 less than the $887.50 hourly rate requested by Plaintiff.

Plaintiff also cites *Bahnmaier v. Wichita State University*[23] to show the reasonableness of its requested hourly rate. In that case, Judge Robinson found Kansas City area hourly rates ranging from $350 to $850 per hour reasonable, but that was on an unopposed motion for attorneys' fee after approval of a complex class-action settlement relating to a data-breach incident.[24] The court approved one attorney's hourly rate of $850 with the five other attorneys' hourly rates ranging between $350 and $500.[25]  This case with a single plaintiff and single defendant and complaint that asserts just two counts for wrongful termination and breach of contract does not involve the level of complexity of *Bahnmaier*. Finally, Plaintiff cites *Lawson v.*

---

[21] No. 19-4007-DDC, 2023 WL 6216307, at *14 (D. Kan. Sept. 25, 2023).

[22] *Id.* at *13.

[23] No. 2:20-cv-02246, 2021 WL 3662875, at *2 (D. Kan. Aug. 18, 2021).

[24] *Id.* at *1.

[25] *Id.* at *2.

9

*Spirit AeroSystems, Inc.*,[26] wherein the Court awarded $625 per hour to an attorney who was a partner who practiced employment litigation in the Kansas City metropolitan area.

Other judges in this District have in recent years approved hourly rates up to $505 for the Kansas City market.[27] These cases suggest Plaintiff's requested hourly rate is well above and not in line with the current prevailing market rate in similarly complex cases for lawyers of reasonably comparable skill, experience, and reputation in the Kansas City community. Based upon the hourly rates approved in these cases and considering the overall complexity and nature of this case, the Court reduces Plaintiff's requested hourly rate of $887.50 to $625 as the reasonable hourly rate for partner-level attorneys in the Kansas City area market.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and for Fees and Costs (ECF No. 139) is granted in part and denied in part. The motion is denied as to Plaintiff's request for reconsideration of the Court's January 5, 2024 Memorandum and Order (ECF No. 138) denying Plaintiff's request for the specific sanction of deeming a fact admitted under Fed. R. Civ. P. 37(b)(2)(A)(i). The motion for fees and costs is granted in part and denied in part. In accordance with its January 5, 2024 Memorandum and Order, the Court awards Plaintiff its reasonable expenses, in the total amount of $29,015, which is comprised of $28,750 (46 hours @ $625 per hour) for attorney's fees plus $265 for subpoena service costs.

---

[26] *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16–17 (D. Kan. Oct. 29, 2020) aff'd, No. 18-1100-EFM, 2021 WL 4844058 (D. Kan. Oct. 18, 2021).

[27] *See Cent. Bank of the Midwest v. Nueterra Cap.*, LLC, No. 2:22-CV-02218-JWB, 2023 WL 6164300, at *4 (D. Kan. Sept. 21, 2023) (Broomes, J.) (approving hourly rates of $365 to $505 for partners in the Kansas City market); *Shigo v. Clark*, No. 21-2079-DDC, 2022 WL 16854271, at *3 (D. Kan. Nov. 10, 2022) (Crabtree, J.) (approving $425 and $325 hourly rates for Kansas City attorneys); *Ross v. Pentair Flow Techs., LLC*, No. 18-cv-02631-HLT, 2021 WL 5493072, at *2 (D. Kan. Nov. 22, 2021) (Teeter., J) (approving attorney hourly rate of $375 for Kansas City market); *M.B. v. Howard*, 555 F. Supp. 3d 1047, 1072 (D. Kan. 2021) (Crabtree, J.) (approving Kansas City market partner-level hourly rates of $500).

**IT IS FURTHER ORDERED** that Defendant shall tender payment in the amount of $29,015 to Plaintiff, and file a receipt or affidavit showing that such payment was made, **within thirty (30) calendar days** of the date of this Order.

IT IS SO ORDERED.

Dated February 23, 2024, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge